IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02280-BNB

ALAN C. TAYLOR, SR.,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Alan C. Taylor, Sr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Taylor has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because he was not awarded eighty days of earned time credits during a prior term of incarceration as required under state law. Mr. Taylor seeks damages as relief. For the reasons stated below, the Court will dismiss the complaint.

The Court must construe the complaint liberally because Mr. Taylor is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id*.

As noted above, Mr. Taylor alleges that the DOC failed to award the proper amount of earned time credits during his prior incarceration.  Mr. Taylor alleges that he currently is serving a sentence of two years in prison for an attempted escape.

> No one is able to say, if the eighty (80) days, had been awarded when they could have or should have been, there would have been a different outcome in the Plaintiff's life, but there is a great possibility that there could have been a difference.
>
> In this light, Plaintiff feels, that, after all his efforts to rectify the situation, he has been subjected to cruel and unusual punishment for the extra eighty (80) days the Colorado Department of Corrections has subjected him to.

(Prisoner Compl. at 4E.)

Mr. Taylor's claims for damages in this action based on the alleged failure to award the proper number of earned time credits are barred until Mr. Taylor invalidates the failure to award those earned time credits.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  The rule in *Heck* has been extended to claims challenging the results of administrative decisions that relate to the

execution of a prisoner's sentence. *See **Edwards v. Balisok***, 520 U.S. 641 (1997) (applying **Heck** to prison inmate's claims challenging procedures used to deprive him of good time credits); ***Crow v. Penry***, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that **Heck** applies to proceedings related to parole and probation); ***Trafny v. United States***, 311 F. App'x 92, 96 (10th Cir. 2009) (citing **Heck** for the proposition that the district court properly rejected a claim attacking the execution of a sentence because the sentence had not been invalidated).

Mr. Taylor fails to allege, and there is no indication in the complaint, that he has invalidated the DOC's alleged failure to award the proper number of earned time credits. Therefore, the Court finds that Mr. Taylor's claims for damages are barred by the rule in **Heck** and must be dismissed. The dismissal will be without prejudice. *See **Fottler v. United States***, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that complaint and the action are dismissed without prejudice because the claims for damages asserted in the complaint are barred.

DATED at Denver, Colorado, this __19__ day of __November__, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02280-BNB

Alan C. Taylor, Sr.
Prisoner No. 88166
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk